## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

EMCASCO INSURANCE COMPANY, et al.,)
                              )
               Plaintiffs,   )   **CIVIL ACTION**
                              )
v.                           )   No.  15-1032-MLB
                              )
SCOTT HABEGGER, et al.,      )
                              )
               Defendants.   )

### MEMORANDUM AND ORDER

This case comes before the court on EMCASCO Insurance Company and Employers Mutual Casualty Company's (plaintiffs) motion for summary judgment (Doc. 19) and defendant Bonner Springs/Edwardsville USD 204's (USD 204) motion for summary judgment (Doc. 21). Defendants Scott Alan Habegger and Nicholas Beilman failed to respond to the motions. The court entered an order to show cause on July 24, 2015. (Doc. 29). Habegger and Beilman failed to respond to the court's order to show cause. Therefore, the court will consider the motions and facts in support of the motions as uncontested. D. Kan. R. 7.4.[1] The motions are granted for the reasons set forth herein.

## I.    Facts

Plaintiffs issued insurance polices to defendant USD 204 during the years 2000 through 2004. At that time, Habegger was Vice Principal of Edwardsville Elementary, a school operated by USD 204, and Beilman was a minor child enrolled in the elementary school. On

---

[1] Prior to granting the motions, however, the court must make the additional determination that judgment for the moving parties is appropriate under Rule 56. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)

July 14, 2014, Beilman filed a petition in Wyandotte County, Kansas, naming USD 204 and Habegger as defendants.  Beilman alleged that he was subject to sexual abuse by Habegger between the years 2001 and 2004.  Beilman asserts claims of battery, intentional and negligent infliction of emotional distress, and breach of fiduciary duty against Habegger in the state court action.  Beilman asserts additional claims against USD 204.[2]

On March 10, 2014, USD 204 received a letter from Habegger requesting payment of his attorney's fees in connection with defending the state court action.  On March 21, 2014, plaintiffs denied coverage for Habegger.  On January 29, 2015, plaintiffs filed this action seeking judgment declaring that Habegger is not an insured under the policies issued to USD 204 and that plaintiffs do not owe duties to defend or indemnify Habegger on the claims raised in the state court action.  USD 204 filed a crossclaim against Habegger and Beilman seeking judgment declaring that USD 204 has no duty to defend or indemnify Habegger.[3]  (Doc. 11 at 11-12).

II.   **Analysis**

A. **Plaintiffs' Motion for Summary Judgment**

Plaintiffs move for summary judgment on their claim and seek a

---

[2] These claims are not at issue in this declaratory judgment action.

[3] USD 204 also asserted a counterclaim against plaintiffs seeking judgment declaring that coverage exists for actions or omissions by USD 204 and its employees.  USD 204 also sought judgment declaring that plaintiffs owed a duty to defend.  (Doc. 11).  USD 204 has not moved for summary judgment on its claims against plaintiffs.  At this time, plaintiffs have provided a defense to USD 204 in the state court action. (Doc. 20 at 5).  Therefore, it appears that USD 204's claim against plaintiffs is moot.

ruling that they are not required to indemnify or defend Habegger under the terms of the policies issued to USD 204.  Under Kansas law, an insurer has a duty to defend if there is any potential for liability under a policy of insurance.  <u>City of Salina, Kan. v. Md. Cas. Co.</u>, 856 F. Supp. 1467, 1480 (D. Kan. 1994);<u> Spruill Motors, Inc. v. Universal Underwriters Ins. Co.</u>, 212 Kan. 681, 686, 512 P.2d 403, 407 (1973).  An insurer's duty to defend thus is broader than its duty to indemnify.  <u>Am. Motorists Ins. Co. v. Gen. Host Corp.</u>, 946 F.2d 1489, 1490 (10th Cir. 1991) (insurer may incur duty to defend even though it ultimately may have no obligation to indemnify liability found against insured).  An insurer has no duty to defend an action brought "wholly outside any coverage obligations assumed in the policy or when the insurer would have no liability if plaintiff secured a judgment against the insured."  <u>Spruill Motors</u>, 212 Kan. at 685, 512 P.2d at 406.

The interpretation of an insurance policy, like other contracts, is a question of law.  <u>See</u> <u>AMCO Ins. Co. v. Beck</u>, 261 Kan. 266, 269, 929 P.2d 162, 165 (1996).  Courts give the terms in an insurance policy their plain and ordinary meaning unless the parties have expressed a contrary intent.  <u>Pink Cadillac Bar & Grill, Inc. v. U.S. Fid. & Guar. Co.</u>, 22 Kan. App.2d 944, 948, 925 P.2d 452, 456 (1996).  The insured has the burden to prove coverage under the policy.  <u>See</u> <u>Shelter Mut. Ins. Co. v. Williams</u>, 248 Kan. 17, 29–30, 804 P.2d 1374, 1383 (1991).  If the insured satisfies his burden, the insurance company has the duty to show that a specific provision of the policy excludes coverage.  <u>Id.</u>

Plaintiffs argue that Habegger is not an insured under the

policies and therefore, they have no duty to defend him in the state court case. The policies at issue define an insured as employees of USD 204 "but only for acts within the scope of their employment"[4] or "but only for acts within the scope of their employment by [USD 204] or while performing duties related to the conduct of [USD 204's] business."[5] (Doc. 20 at 12). Both plaintiffs and USD 204 contend that Habegger's actions were not within the scope of employment and not related to USD 204's business.

The court agrees. The uncontroverted facts show that the conduct at issue, sexual abuse, was not within the scope of employment. See Healey v. Scovone, 1999 WL 535298 (10th Cir. July 26, 1999) (sexual assault was not authorized by employer and done for defendant's own personal interest); Miller v. Brungardt, 916 F. Supp. 1096, 1101 (D. Kan. 1996)(sexual harrassment is not within the job description of any reputable employer); Hicks v. Gates Rubber Co., 833 F.2d 1406, 1417-18 (10th Cir. 1987)(same).

Therefore, because sexual abuse is not within the scope of a vice principal's employment, the court finds that plaintiffs have no duty to defend or indemnify Habegger in the state court action.

**B. USD 204's Motion for Summary Judgment**

USD 204 also moves for summary judgment on the basis that Hagebber's conduct was not within the scope of his employment. Under the KTCA, a governmental entity may refuse to provide a defense to an

_____

[4] This definition is contained in the policy issued during the first two policy years.

[5] This definition is contained in the policy issued during the last two policy years.

employee if the governmental entity determines that "the act or omission was not within the scope of such employee's employment." K.S.A. 75-6108(c).  To determine if an employee is acting within the scope of employment under the KTCA, the court considers: "(1) whether the act by the employee was done for the employee's personal benefit or in furtherance of the state's business; (2) whether there was express or implied authority to perform the act in question; and (3) whether the employee's act was reasonably foreseeable by the State." Meyer v. Nava, 518 F. Supp. 2d 1279, 1290 (D. Kan. 2007).  The liability of the governmental entity for an employee's actions depends upon whether the employee was acting within the scope of his authority, or had stepped aside from that business and done an individual wrong.  Commerce Bank of St. Joseph v. Kansas, 251 Kan. 207, 833 P.2d 996, 1001 (1992).

The undisputed facts show that Habegger's acts were not for the benefit of USD 204 but were done solely for his own personal interest. See Meyer, 518 F. Supp. 2d at 1290 (sexual assault by jail employee for his own interest); Healey, 1999 WL 535298, *2 (The circuit "cannot fathom any manner in which his alleged acts [sexual assault] were the kind he was authorized to perform or that he was motivated in any manner to further his employer's interests.  Rather, the alleged acts appear to have arisen from some external, independent and personal motive.")

Therefore, USD 204 is not required to provide Habegger with a defense or to indemnify him.  See Healey, 1999 WL 535298, *2.

**III.   Conclusion**

      Plaintiffs' motion for summary judgment (Doc. 19) is granted. USD 204's motion for summary judgment (Doc. 21) is granted.

      A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.


      IT IS SO ORDERED.

      Dated this 21st   day of August 2015, at Wichita, Kansas.

                        s/ Monti Belot
                      Monti L. Belot
                      UNITED STATES DISTRICT JUDGE